## Denver National Bank v. Robert M. Granat & Co.

*Negotiable note—Holder in due course—Stoppage of payment—Privity of contract.*

The maker of a negotiable note cannot, for failure of consideration or any cause, stop payment on it at the bank where it is payable, after it has been endorsed over to another holder in due course, and where such bank, notwithstanding an attempt to stop payment, paid it to such holder and charged it to the maker's account, the bank cannot afterwards repay the maker and recover the amount from the payee, it having no privity of contract with the payee.

Statutory demurrer. C. P. Lancaster Co., Nov. T., 1919, No. 58.

*Harvey B. Lutz*, for plaintiff; *John E. Malone*, for defendant.

LANDIS, P. J., Jan. 19, 1924. — The statement alleges that, on or about June 4, 1918, the defendant sold to one C. S. Garman certain Pennsylvania tobacco, and received in payment a promissory note signed by said Garman for $500, which was payable to the defendant 100 days after date at the Denver National Bank. This note was endorsed by the defendant to the Lancaster Trust Company, and the Lancaster Trust Company marked upon it: "Pay to the order of any Bank or Trust Company. Endorsements guaranteed. Aug. 28, 1918. The Lancaster Trust Co., 60-145 Lancaster, Pa., H. C. Miller, Treasurer." Subsequently, the following endorsement was placed upon it:

Denver National Bank v. Robert M. Granat & Co.

"Pay to the order of any Bank or Banker, Conestoga National Bank, Lancaster, Pa. Former endorsements guaranteed. A. K. Hostetter, Cashier." It was further alleged that, on or about Sept. 12, 1918, the note was transmitted to the Denver National Bank for collection, and when it was presented it was paid by that bank; that the money was remitted to the Conestoga National Bank, which remitted the same to the Lancaster Trust Company, and the said trust company paid the same to the defendant.

It is averred that the tobacco for which the note was given was purchased by sample; that it was not of the same size and quality as the sample, and, in consequence, Garman, with the consent of the defendant, returned it, and he thereupon stopped payment on the note at the Denver National Bank; that the note was paid by the plaintiff bank by mistake, which charged the same to Garman's account, and that, as soon as it was thus paid and charged, Garman advised the bank that payment had been stopped and claimed the said sum of $500; and that the bank thereupon repaid the amount to Garman. The bank now claims to recover from the defendant, and for this purpose has brought this suit. The defendant avers that, on the face of the statement, no liability by the defendant to the bank is shown.

The note is shown by the statement to have been a negotiable note. According to the statement, it was endorsed by the defendant, and the defendant received credit therefor with the Lancaster Trust Company. This endorsement was made not only presumably, but as a matter of fact before the maturity of the note, for it is stated that, on Aug. 28, 1918, it was "in due course" endorsed over to the Conestoga National Bank. It is not stated when the tobacco for which it was given was offered to Granat, nor when it was received by him. This, however, makes no difference, as, after Garman had given the note to the defendant, no subsequent arrangement between them could affect the title of the holder "in due course." Garman could not, under the circumstances, stop payment upon the note and thus relieve himself from responsibility for its payment, and if the Denver National Bank disregarded his notice and charged it to his account, that was a matter entirely between them, with which Granat had nothing to do. If Garman had any claim against Granat, he could have pursued it by an action against him. But the Denver National Bank could not repay the amount of the note to Garman and then sue Granat for the sum returned. There were no contractual relations between the plaintiff and Granat. The latter dealt solely with the Lancaster Trust Company. It is not pretended that the Lancaster Trust Company was the agent of Granat. The statement says that "the said defendant endorsed said note and deposited same in the Lancaster Trust Company, Lancaster, Pennsylvania, and received credit therefor with said Trust Company." The title to the note thereby passed to the trust company. It also avers that "on the 28th day of August, 1918, the said Lancaster Trust Company endorsed said note in due course to the Conestoga National Bank of the City of Lancaster, Pennsylvania, and the said Conestoga National Bank duly endorsed said note and transmitted it, on or about September 12, 1918, to the Denver National Bank, where the same was made payable for collection." Even if the plaintiff made a mistake in charging the note to Garman's account, it was its own mistake, and in the absence of any privity of contract between the bank and Granat, we do not see how it can maintain this action.

For this reason, judgment is now entered on the question of law presented in favor of the defendant. Judgment for defendant.

From George Ross Eshleman, Lancaster, Pa.